UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KATHLEEN DENNING,

Plaintiff,

v.

WASHOE COUNTY,

Defendant.

Case No. 3:17-cv-00463-MMD-WGC

ORDER

Plaintiff Kathleen Denning, an employee of Washoe County Regional Animal Services who suffers from epilepsy, sued Defendant Washoe County for allegedly violating her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, for discrimination/failure to accommodate, retaliation, and hostile work environment. (ECF No. 60 at 2.) The Court granted summary judgment to Defendant on all of Plaintiff's claims. (*Id.* at 12.) Before the Court is Defendant's motion seeking its attorney's fees expended defending against Plaintiff's failure to accommodate claim (the "Motion").[1] (ECF No. 63.) Because the Court is unpersuaded Plaintiff's failure to accommodate claim was frivolous when she filed it, and as further explained below, the Court will deny the Motion.

Defendant moves to partially recover its fees—those expended in defending against Plaintiff's failure to accommodate claim—under the ADA. (*Id.* at 5.) As Defendant lays out in its Motion (*id.* at 5-6), while a prevailing party in an ADA case may recover its fees, fees are normally only awarded to prevailing plaintiffs because the policy considerations supporting the award of fees to prevailing plaintiffs in ADA cases do not apply to prevailing defendants. *See Kohler v. Bed Bath & Beyond of Calif., LLC*, 780 F.3d

---

[1] The Court has reviewed Plaintiff's response (ECF No. 64) and Defendant's reply (ECF No. 65).

1260, 1266 (9th Cir. 2015). Prevailing defendants in ADA cases may therefore only be awarded fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *See id.* (citation omitted). The Ninth Circuit has further "repeatedly cautioned that district courts should not 'engage in *post hoc* reasoning,' awarding fees simply 'because a plaintiff did not ultimately prevail.'" *Id.* (citation omitted).

Defendant argues Plaintiff's failure to accommodate claim was frivolous because Defendant accommodated Plaintiff's request for an adjusted work schedule to allow her to adapt to a new medication, and Plaintiff knew she had been accommodated when she filed her failure to accommodate claim based on that request. (ECF No. 63 at 6-8.) Plaintiff counters that her claim was not frivolous when it was filed because it was also based on other requests that Defendant did not accommodate, but which the Court later decided were time barred, leaving Plaintiff's claim supported by only one request for an accommodation that Defendant granted—leading the Court to grant summary judgment to Defendant on Plaintiff's reasonable accommodation claim. (ECF No. 64 at 2, 4-6.) The Court is persuaded by Plaintiff's argument.

The Court declines to award Defendant its partial fees here because it does not find Plaintiff's failure to accommodate claim was frivolous at the time it was filed. While Plaintiff ultimately lost on that claim, the Court is mindful that it should not engage in *post hoc* reasoning. *See Kohler*, 780 F.3d at 1266. Further, it is unusual and inconsistent with the purpose of the ADA to award fees to Defendant, who prevailed in this case. *See id.* In addition, as counsel is well aware, "the general rule in the United States" is that "litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). The Court is unpersuaded it should depart from these general principles in this case.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant Washoe County's motion for attorney's fees (ECF No. 63) is denied.

DATED THIS 30th day of August 2019.

	MIRANDA M. DU
	UNITED STATES DISTRICT JUDGE